IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CASSANDRA ADAMS,      Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:24-00165-JB-N ) |
| NATHAN WILSON, *et al.*,      Defendants. | ) ) ) |

## ORDER

This action is before the Court[1] on a civil complaint and motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), filed by Plaintiff Cassandra Adams, who is proceeding without counsel (*pro se*), on May 23, 2024. (Docs. 1, 2). Upon consideration and for the reasons stated herein, Plaintiff's IFP motion (Doc. 2) is **GRANTED**. However, in order to properly evaluate her claims, Plaintiff will need to file an amended complaint. Adams is **ORDERED** to do so, as set out herein, by no later than **July 15, 2024.**

### I.  IFP Status

The IFP statute, 28 U.S.C. § 1915, is designed so "[a]ll persons, regardless of wealth, are entitled to reasonable access to the courts." *Moon v. Newsome,* 863 F.3d 835, 837 (11th Cir. 1989). The statute states, in relevant part:

> [Subject to inapplicable exceptions] any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the

---

[1] The District Judge assigned to this case referred Plaintiff's filings to the undersigned Magistrate Judge appropriate action pursuant to 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b). (5/23/2024 elec. refs.).

1

> person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915's provisions to non-prisoner complaint). While the IFP statute seeks to "ensure[] that indigent persons will have equal access to the judicial system," IFP motions are not "a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997) (citations omitted). And "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 198 F.2d 434, 437 (11th Cir. 1986).[2]  While a trial court has "broad discretion" in determining whether to grant or deny an IFP application, "it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citation omitted). However, "in civil cases for damages … the courts should grant the [IFP] privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004 (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)).[3]  In any event, "[t]he district court must provide a sufficient explanation for its determination of IFP status to allow for meaningful appellate review." *Martinez*, 364 F.3d at 1307 (citations omitted).

When considering an IFP motion under § 1915(a), "the only determination to

---

[2] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee . . . To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2s 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981.

be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1306 (citation omitted). An IFP movant's affidavit, "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915," rather, "an application will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (unpublished) (citing *Martinez*, 364 F.3d at 1307-08 (internal quotations omitted)).

Upon consideration of the representations in Plaintiff's IFP motion (Doc. 2), which is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration made under penalty of perjury, the undersigned finds it is reasonably apparent that Plaintiff lacks the means to pay the $405 filing fee and other related costs without being deprived of the basic necessities of life. Accordingly, Plaintiff's IFP motion (Doc. 2) is **GRANTED.**

The Clerk of Court is **DIRECTED** to withhold service of the complaint, and the forthcoming amended complaint, until otherwise ordered, to allow for review under 28 U.S.C. § 1915(e)(2)(B).

## II.   *Plaintiff's Complaint (Doc. 1)*

Plaintiff will need to amend her complaint for the Court to properly evaluate her claims. As an initial point, there is no civil cover sheet attached, which is required for all civil actions pursuant to S.D. Ala. CivLR 3(a).[4] Additionally, the allegations

---

4   This form will be provided alongside this order, which Adams should complete and file alongside her amended complaint.

3

raised in her complaint are minimal and otherwise unclear. The complaint alleges only that defendants Alabama Court of Civil Appeals ("ACCA") and Nathan Wilson, the Clerk of that Court, "intentionally removed a court case conspiring to commit fraud" on or about October 2023 in violation of "US 371." (*See* Doc. 1). But it does not describe the case that was "intentionally removed," does not describe Plaintiff's relation to that case, does not allege how the ACCA and Wilson conspired to remove that case, or how such actions, even if presumed true, resulted in the fraud or conspiracy to defraud under "US 371," which the undersigned construes as a reference to 18 U.S.C. § 371 (Conspiracy to commit offense or defraud United States). (*See* Doc. 1). Plaintiff's IFP motion further adds to the lack of clarity posed by these filings, as the notation in the section of that form entitled "Brief Statement as to the Nature of the Action" appears wholly unrelated to any removal of her case, conspiracy to remove her case, or fraud relating to removal of her case. (*See* Doc. 2, PageID.6) ("I had to take a leave from work due to illness")).

When a party is granted leave to proceed IFP under 28 U.S.C. § 1915, the Court must screen the underlying complaint for various defects. Specifically, this screening procedure mandates the following:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B). While pleadings filed by *pro se* litigants are liberally construed, they still must "conform to procedural rules." *Albra v. Advan, Inc.*, 490

4

F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

In its present form, Plaintiff's complaint suffers from each of the defects set out in 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). It appears frivolous because it "lacks an arguable basis" in both law and fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Here, there are insufficient facts for the undersigned to ascertain whether any viable cause of action exists. 28 U.S.C. § 1915(e)(2)(B)(i). Moreover, the only statute cited by this complaint deals with conspiracies or fraud committed "against the United States." 18 U.S.C. § 371. The complaint fails to demonstrate how removal of a court case is an offense "against the United States," and 18 U.S.C. § 371 does not otherwise provide for a private right of action enforceable by a civil litigant. *See Morales v. May*, 2009 U.S. Dist. LEXIS 154237, *5 (M.D. Fla., Apr. 15, 2009), <u>report and recommendation adopted</u>, 2009 U.S. Dist. LEXIS 154236 (M.D. Fla., May 7, 2009), ("The plain language of [18 U.S.C. § 371] proscribes penalties for conspiracies to commit offenses against the United States, not individuals. Moreover, [it] is a criminal statute and, as such, it does not convey a private right of action") (cleaned up)). The lack of sufficient factual support also means the complaint fails "to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining complaints "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation marks omitted)). *See also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting the application of Fed. R. Civ. P. 12(b)(6)

standards to screening under 28 U.S.C. § 1915(e)(2)(B)). Finally, this compliant seeks monetary relief in the form of $1,000,000 (*see* Doc. 1, PageID.4); however, it is likely that these two defendants – the ACCA and Wilson – are immune from claims for monetary relief under the Eleventh Amendment. *See generally*, *Carr v. Florence*, 916 F.2d 1521 (11th Cir. 1990).

For these reasons, the current iteration of Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915. If Plaintiff would like to proceed with this action, she is **ORDERED** to file an amended complaint, including sufficient factual allegations and clarifying her claim(s) for relief, by no later than **July 15, 2024**.

### III.  *Notice to Pro Se Plaintiff*

Failure to comply with the directives set out in this order will result in entry of a recommendation to the Court that the complaint be dismissed without prejudice *sua sponte* for failure to prosecute and/or non-compliance with a Court order.[5]

In light of her *pro se* status, Adams is noticed that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including

---

5  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting district court's inherent authority to *sua sponte* dismiss a case under Rule 41(b)), *and Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)).

the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer..." (citation omitted)). Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by her personally and provide her "address, e-mail address, and telephone number."[6] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number.").[7] Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and ... must promptly notify the Clerk of any change in address ... Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action..." S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and

---

[6] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

[7] Unless and until Adams registers with the Clerk of Court to electronically file, he must handwrite his signature on all future filings with this Court in order to comply with Rule 11(a). Should he desire to set up an electronic-filing account, he should contact the Office of the Clerk of Court for this district. *See also* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2021) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf). This point cannot be emphasized enough, and Plaintiff is hereby noticed that repeated failure to personally sign filings may result in sanction as the Court sees fit, pursuant to its inherent powers to manage its docket. *See Mulautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) ("Deeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation." (internal citation and quotation omitted)).

may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

### *IV.  Conclusion*

Upon consideration and for the reasons stated herein, Adams's IFP motion (Doc. 2) is **GRANTED.** However, the Clerk is **DIRECTED** to withhold service of the complaint, and the forthcoming amended complaint, until otherwise ordered, to allow for review under 28 U.S.C. § 1915(e)(2)(B).

Adams in **ORDERED** to file an amended complaint by no later than **July 15, 2024**, as directed herein.

The Clerk is further **DIRECTED** to send Adams: (1) a copy of this order, (2) a copy of this Court's form civil complaint, (3) a copy of the Civil Cover Sheet (AO Form JS 44), and (4) a copy of the Court's Pro Se Litigant Handbook.

**DONE** and **ORDERED** this the 21st day of June 2024.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**