IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CASSANDRA ADAMS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:24-00165-JB-N |
| ) | |
| NATHAN WILSON, ) | |
| ALABAMA COURT OF CIVIL ) | |
| APPEALS, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Cassandra Adams – who is proceeding without counsel (*pro se*) and *in forma pauperis* ("IFP") – initiated the above-styled civil action by filing a complaint on May 23, 2024. (Doc. 1).[1] However, subsequent to Adams's initiation of this action, she has failed to prosecute it and comply with Court directives. Accordingly, upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice**.

### I. *Background*

Adams initiated this action by filing a complaint, along with a contemporaneous IFP motion, on May 23, 2024. (Docs. 1, 2). The undersigned

---

1 The District Judge assigned to this case referred Adams's motion to the undersigned Magistrate Judge for consideration and disposition, pursuant to S.D. Ala. GenLR 72 and in accordance with 28 U.S.C. § 636(b)(1). (Doc. 2).

1

granted the IFP motion but ordered Adams to file an amended complaint under 28 U.S.C. § 1915(e)(2)(B) to correct noted deficiencies by July 15, 2024. (Doc. 3). These deficiencies included failing to use a civil cover sheet as required by local rules (Doc. 3, PageID.12); not alleging an arguable basis in law or fact (Doc. 3, PageID.14); failing to state a claim on which relief may be granted (*id.*); and seeking monetary relief from immune defendants. (Doc. 3, PageID.15); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

On July 15, 2024, Adams moved for a seven-day extension to file an amended complaint. (Doc. 4). While the Court denied the specific request for seven days, it granted a more generous deadline of July 30, 2024. (Doc. 5). The order granting the extension reminded Adams that "failure to comply with the directives" set out in the order would "result in a recommendation to the Court that the complaint be dismissed without prejudice *sua sponte* for failure to prosecute and/or non-compliance with a Court order." (Doc. 5, PageID.20).

On July 30, Adams filed another motion for extension of time. (Doc. 6). This motion was granted with the same warnings, providing Adams with an opportunity to file an amended complaint by August 30, 2024. (Doc. 6).

To date, Adams has made no subsequent filings. Consequently, this action is now ripe for dismissal.

## II. Dismissal

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, Adams was ordered to comply with this Court's directive by filing an amended complaint by August 30, 2024. (*See* Doc. 7). To date, Adams has not done so, nor has she sought an additional extension of time. Furthermore, no prior order has been returned as undeliverable.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## III. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Adams's complaint dated May 23, 2024 (Doc. 1) be **DISMISSED without prejudice** for failure to prosecute and/or non-compliance with the Court's orders pursuant to both Fed. R. Civ. P. 41(b) and this Court's inherent authority, and that that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 26th day of September 2024.

                                                                  */s/ Katherine P. Nelson*
                                                                    **KATHERINE P. NELSON**
                                                 **UNITED STATES MAGISTRATE JUDGE**